UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 7 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Yodit Gulelat,<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. Postal Service,<br><br>　　　　Defendant. | Case: 1:15-cv-02197<br>Assigned To : Unassigned<br>Assign. Date : 12/17/2015<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a District of Columbia resident who has brought suit against the United States Postal Service. Plaintiff alleges that in October 2015, Plaintiff mistakenly left a "bag pack" in the lobby of a U.S. Post Office. Based on the address in the complaint's caption, this occurred at the Alabama Avenue Post Office in the District's southeast quadrant. Plaintiff alleges that the next day, a Post Office clerk named Kim told plaintiff that the bag had been found, but she then "came back and told [plaintiff] that the bag was not at the office [and] that she would wait until the other clerk comes." Compl. at 2. Plaintiff states that Kim "was very rude and hostile" and gave plaintiff "a wrong number to contact the postal service." *Id.* Plaintiff admits that a security officer contacted plaintiff, but that the security officer did not "get back to [plaintiff]," as he had promised. *Id.* When plaintiff went back to the Post Office a week later, plaintiff allegedly was

told that a "guy came back to get something" and that "[t]hey asked him to bring back the bag pack he took from them . . . ." *Id.* at 3.

Plaintiff faults the Post Office for failing to ask the "guy" for a picture identification and for "not even calling a police." *Id.* Plaintiff claims that "[t]his particular post office is not doing anything to meet the requirements and protect[ ] their customers." Plaintiff clams that the bag contained "paper work, [a] new computer, [and] personal item[s]." *Id.* Plaintiff seeks $5,000 in money damages.

Under the doctrine of sovereign immunity, the United States is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (noting that the United States may be sued only upon consent "unequivocally expressed in statutory text"). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of sovereign immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). Before a court is able to entertain an FTCA claim, the plaintiff must have exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).

To the extent that plaintiff has a plausible claim under the FTCA, there is no indication in the complaint that the exhaustion requirement has been met. Hence, this case will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December /6/, 2015

/s/ Rosemary M. Collyer
United States District Judge